UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MATHEW G. RAY, et al.,

        Defendants.

CASE NO. C11-5056 BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
STAY THE PROCEEDINGS

This matter comes before the Court on Defendants' motion to dismiss this action or in the alternative, to abstain from entertaining it or to stay further proceedings (Dkt. 9), and on the United States' cross-motion to dismiss Defendants' counterclaims (Dkt. 12). The Court has reviewed the briefs filed in support of and in opposition to the motion to stay the proceedings and declines to rule on other issues raised by the pleadings for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 20, 2011, the United States filed a complaint against Defendants for trespass, waste, conversion and nuisance. Dkt. 1. On March 1, 2011, Defendants answered and filed counterclaims against the United States. Dkt. 7. On April 2, 2011, Defendants moved the Court to dismiss this action or in the alternative, to abstain from entertaining it or to stay further proceedings. Dkts. 9 & 10. On April 25, 2011, the United States opposed the motion and filed a cross-motion to dismiss Defendants' counterclaims.

ORDER - 1

On April 26, 2011, Defendants replied to the United States' opposition, but they did not respond to the United States' cross-motion. Dkt. 15.

## II. FACTUAL BACKGROUND

This matter involves allegations for trespass, waste, conversion and nuisance on Allotment 108-294 ("allotment") of the Makah Indian Reservation. Dkt. 12 at 2-3. The allotment is co-owned by Jesse A. Chartraw, Dennis G. Leonard, Betty Croy, and JoDean Haupt (collectively, "Co-owners"). Dkt. 1 at 2 ¶ 2. This action was brought by the United States, acting on its own and as trustee on behalf of the Makah Nation, at the request of the Bureau of Indian Affairs ("BIA") and the allotment Co-owners. *Id.* The allotment Co-owners and Defendants are all members of the Makah Nation. Dkts. 1 at 2 ¶¶ 7-8 & 10 at 1. The United States alleges that, on or about September 22, 2007, without the consent of the Co-owners, Defendants demolished the home and porches affixed to the allotment and caused other unspecified damages to the property and/or its fixtures. Dkts. 1 at 2 ¶ 3 & 12 at 3. Defendants maintain that Defendant Mathew G. Ray owned the home at issue. Dkt. 7 at 1-3.

In May 2008, the BIA found that Defendants had trespassed and destroyed property on the allotment and assessed each of the Defendants treble damages in trespass demand notice letters. Dkts. 1 at 8 ¶ 39; 12 at 4 & 13-2. The United States alleges that, with the exception of a requested extension by Mathew Ray, Defendants did not respond to the trespass demand notice letters. Dkt. 12 at 4. Defendants maintain that "each of the defendants timely filed a notice of appeal." Dkt. 10 at 9.

## III. DISCUSSION

**A.      Comity and Exhaustion of Tribal Remedies**

    **1.      Standard**

The Supreme Court requires that tribal courts consider the issue of their own jurisdiction first, with federal court actions to be dismissed or stayed pending exhaustion

ORDER - 2

of tribal court remedies. *National Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 856-57 (1985). This exhaustion requirement advances the principles of tribal self-governance and self-determination and prevents infringement upon tribal law-making authority. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 14-15 (1987). In the Ninth Circuit the exhaustion of tribal remedies is not discretionary; it is mandatory. *See Yellowstone County v. Pease,* 96 F. 3d 1169, 1171 (9th Cir. 1996).

The Supreme Court has outlined four exceptions to the exhaustion rule: (1) when an assertion of tribal court jurisdiction is "motivated by a desire to harass or is conducted in bad faith"; (2) when the tribal court action is "patently violative of express jurisdictional prohibitions"; (3) when "exhaustion would be futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction"; and (4) when it is "plain" that tribal court jurisdiction is lacking, so that the exhaustion requirement "would serve no purpose other than delay." *Nevada v. Hicks*, 533 U.S. 353, 369 (2001) (quoting *National Farmers*, 471 U.S. at 857, n. 21 (1985) (internal quotation marks omitted)).

Although a federal court may not exercise jurisdiction over a civil dispute relating to reservation affairs before an appropriate Indian tribal court system has first had an opportunity to determine its own jurisdiction, exhaustion is required as a matter of comity and is not a jurisdictional prerequisite. *Iowa Mut.*, 480 U.S. at 16, n. 8. Therefore, the exhaustion requirement does not deprive the federal courts of subject matter jurisdiction. *Id.*; *National Farmers*, 471 U.S. at 857. The tribal court's determination of tribal jurisdiction is ultimately subject to review. *Iowa Mut.*, 480 U.S. at 19; *see also National Farmers,* 471 U.S. at 857.

**2.      Defendants' Motion to Dismiss or Stay Proceedings**

Defendants move the Court to dismiss this case, or in the alternative, to abstain from entertaining it or to stay the proceedings "as a matter of [*c*]*omity* until tribal court remedies are exhausted." Dkt. 15 at 2. The United States argues that this suit is exempt

from considerations of comity. Dkt. 12 at 5. Specifically, the United States argues that bringing this suit in tribal court "would be patently violative of the Makah Nation's express jurisdictional prohibitions" because the Makah Nation's statute of limitations bars this cause of action. *Id.* Defendants contend that because statutes of limitation can be tolled for various reasons, it is for the tribal court to "make its own determination as to whether such an action is barred" (Dkt. 15 at 4) and to consider whether it "possesses jurisdiction over the cause in the first instance." *Id.*

Here, in support of its argument, the United States points to the Makah Nation's code which states that "No complaint shall be filed in a civil action unless the events shall have occurred within a 3 year period prior to the date of the complaint." *Makah Law and Order Code* § 3.2.02 (1999) (available at: http://narf.org/nill/Codes/makahcode/makahcodetoc.htm)). Dkt. 12 at 5. However, the Court notes that while the statute of limitations are arguably expressly stated within the code, this is not the end of the inquiry. *Cf. National Farmers*, 471 U.S. at 855–856 (footnote omitted). The Court is persuaded by Defendants' argument that tribal tolling provisions may be available at law or in equity but which are not for this Court to determine in the first instance. *See* Dkt. 15 at 6.

The propriety of tolling the statute of limitations under Makah law, and in accordance with its own judicial decisions, is a question for the Makah Tribal Court to examine. In the absence of the Makah Tribal Court's determination on jurisdiction in these circumstances, this Court cannot conclude that suit in tribal court would be violative of any jurisdictional prohibition. Thus, the United States' argument that it is exempt from exhausting tribal remedies necessarily fails.

Without a qualifying exception to the exhaustion requirement, the principles of comity and tribal self governance require that the Court abstain from entertaining the United States' complaint until the Makah Tribal Court has the opportunity to evaluate the factual and legal bases for determining whether or not the statute of limitations bars the

Tribal Court's jurisdiction. *See National Farmers*, 471 U.S. at 856. Should the Makah Tribal Court agree with the United States or decline jurisdiction on other grounds, the exhaustion rule would be satisfied and this Court will then become the proper forum for this matter. *See, Iowa Mut.*, 480 U.S. at 16, n. 8; *National Farmers*, 471 U.S. at 857. Therefore, pending the Makah Tribal Court's jurisdictional analysis, the Court will stay further proceedings.

**B.     Other Issues**

Likewise, because the Court declines to exercise jurisdiction pending the exhaustion of Makah Tribal Court remedies, the Court declines to reach the other issues raised in the parties' briefs. This includes the United States' motion to dismiss Defendants' counterclaims. Dkt. 12.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that:

(1)     Defendants' motion to stay the proceedings (Dkt. 9) is **GRANTED**; and

(2)     Further proceedings on this matter are **STAYED** pending exhaustion of tribal court remedies.

DATED this 21st day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge