1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

MATHEW G. RAY, et al.,

                          Defendants.

CASE NO. C11-5056 BHS

ORDER GRANTING
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT

This matter comes before the Court on Plaintiff United States of America's (the "Government") unopposed motion for partial summary judgment (Dkt. 33). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 20, 2011, the Government filed a complaint against Defendants Mathew G. Ray, Gary Ray, Cynthia J. Castaneda, J. Guadalupe Castaneda III, Ralph Cox, Robert Long, Eugena D. Halttunen, Glen A. Halttunen, Jr., Steven W. Markishtum, Donald H. Swan and Heather Ray-Swan ("Defendants") alleging numerous causes of actions, including trespass and waste.  Dkt. 1.

On June 21, 2011, the Court stayed the matter "pending the Makah Tribal Court's jurisdictional analysis . . . ."  Dkt. 18.  On November 13, 2012, the stay was lifted after the Makah Tribal Court ruled that jurisdiction was barred in Tribal Court by the statute of limitations.  Dkt. 28.

On March 28, 2013, the Government filed a motion for partial summary judgment on its claims for trespass and waste.  Dkt. 33.  No defendant responded.  On March 19, 2013, the Government filed a reply.  Dkt. 36.

## II. FACTUAL BACKGROUND

This case arose from Defendants' alleged demolition of a home and other property on land that the Government holds in trust on the Makah reservation.  The specific facts are outlined in the Government's motion and accompanying affidavits, and, because no defendant contested these facts, the Court will hereby adopt them as uncontested.

## III. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

1   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

2   present specific, significant probative evidence, not simply "some metaphysical doubt").

3   *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

4   if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

5   jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

6   U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

7   626, 630 (9th Cir. 1987).

8          The determination of the existence of a material fact is often a close question. The

9   Court must consider the substantive evidentiary burden that the nonmoving party must

10  meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

11  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

12  issues of controversy in favor of the nonmoving party only when the facts specifically

13  attested by that party contradict facts specifically attested by the moving party.  The

14  nonmoving party may not merely state that it will discredit the moving party's evidence

15  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

16  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

17  nonspecific statements in affidavits are not sufficient, and missing facts will not be

18  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

19  **B.     The Government's Motion**

20         As a threshold matter, the Court may consider any party's failure to respond as an

21  admission that the motion has merit.  Local Rule CR 7(b)(2).  Defendants failed to

22

1 respond to the Government's motion and, therefore, the Court will consider such failure

2 as an admission that the Government's motion has merit.

3      With regard to the merits, the Government has met its burden.  First, it has shown

4 that it is entitled to judgment as a matter of law.  Dkt. 33 at 10–14.  Second, the facts are

5 uncontested and no material question of fact exists for trial.  Therefore, the Court grants

6 the Government's motion.

7 **IV. ORDER**

8      Therefore, it is hereby **ORDERED** that the Government's motion for partial

9 summary judgment (Dkt. 33) is **GRANTED**.

10      Dated this 29th day of April, 2013.

11

12

13 BENJAMIN H. SETTLE
United States District Judge

14

15

16

17

18

19

20

21

22